# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARISA BAVAND,

        Plaintiff,

v.

ONEWEST BANK FSB, et al.,

        Defendants.

CASE NO. C12-0254JLR

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the court on Plaintiff Marisa Bavand's motion to remand. (Mot. (Dkt. #12).) Having considered the submissions of the parties, the balance of the record, and the governing law, and no party having requested oral argument, the court DENIES Ms. Bavand's motion (Dkt. # 12).

## II. BACKGROUND

On August 10, 2007, Ms. Bavand allegedly executed a Deed of Trust and a Promissory Note pertaining to real property in Lynwood, Washington ("the Property").

ORDER- 1

(Compl. (Dkt. # 1-1) ¶ 3.1 & Ex. A ("Deed of Trust").) The Deed of Trust named Chicago Title Insurance Company ("Chicago Title") as the trustee, Indymac Bank, F.S.B. ("Indymac") as the lender, and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (Deed of Trust at 15.) The Deed of Trust was recorded in Snohomish County on August 15, 2007 and was re-recorded on March 24, 2011 by Chicago Title. (Deed of Trust at 15; Compl. Ex. B ("Re-Recorded Deed of Trust") at 38.)

On May 18, 2011 Defendant Northwest Trustee Services, Inc. ("NWTS"), acting as Defendant OneWest Bank FSB's ("OneWest") authorized agent, sent Ms. Bavand a Notice of Default. (*Id.* Ex. E ("Not. of Default") at 72–76.) The Notice of Default identified OneWest as the owner of the Promissory Note and the loan servicer. (*Id.* at 75.) On June 7, 2011, David Rodriguez, an Assistant Secretary for MERS, assigned the Deed of the Trust to OneWest. (*Id.* Ex. I ("Assignment") at 89.) Ms. Bavand, however, contends that Mr. Rodriguez was not a "legitimate corporate officer of MERS." (*Id.* ¶ 3.15.) On July 27, 2011, OneWest appointed NWTS as successor trustee to the Deed of Trust. (*Id.* Ex. J ("Appointment") at 91.) On September 9, 2011, NWTS executed a Notice of Trustee Sale of the Property. (*Id.* Ex. K ("Not. of Trustee's Sale") at 96.) The Notice of Trustee Sale stated that the sale would take place on December 16, 2011.[1] (*Id.* at 93.)

---

[1] On December 29, 2011, Ms. Bavand obtained a Temporary Restraining Order restraining the trustee's sale. (Snohomish County TRO Order (Dkt. # 12-4) at 4.)

On December 22, 2011, Ms. Bavand filed her complaint in the Snohomish County Superior Court. (Mot. at 2.) Ms. Bavand alleges that neither MERS nor OneWest can properly foreclose on the Property because neither was the proper owner of the Promissory Note at the time the Notice of Default was issued. (*See* Compl. ¶¶ 3.5, 3.6, 3.18.) Through her complaint, Ms. Bavand seeks declaratory judgment under Washington law, including the Washington Deed of Trust Act, RCW ch. 61.24, and brings claims of wrongful foreclosure, violation of the Washington Consumer Protection Act ("WCPA"), RCW ch. 19.86, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and quiet title. (Compl. parts IV–VIII.) In her motion, Ms. Bavand states that on December 20, 2011 and December 28, 2011, NWTS was served with the summons and complaint. (12/20/11 Decl. of Service (Dkt. #12-1) at 2–3; 3/12/12 Aff. of Service (Dkt. #12-2) at 2–3.) On February 1, 2012, OneWest was served and MERS was served on February 3, 2012. (2/7/12 Aff. of Service (Dkt. # 12-5) 2–3; 2/16/12 Aff. of Service (Dkt. # 12-6) at 2.)

On February 14, 2012, OneWest and MERS filed a notice of removal in this matter asserting that the court has both diversity and federal question jurisdiction. (Not. of Removal (Dkt. # 1) at 2.) On March 19, 2012, Ms. Bavand filed the instant motion to remand. (*See generally* Mot.)

### III.   ANALYSIS

Ms. Bavand argues that this matter should be remanded to Snohomish County Superior Court because this court lacks subject matter jurisdiction and because

Defendants' removal was untimely. (*See generally* Mot.) For the reasons stated below, the court determines that remand is not appropriate and DENIES Ms. Bavand's motion.

**A. Subject Matter Jurisdiction**

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Id.* (quoting 28 U.S.C. § 1447(c)). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

One instance in which the district courts of the United States have original jurisdiction is where the action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law for removal purposes is determined by the "well-pleaded complaint" rule. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*; *see also Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th

Cir. 1996) (holding that "a plaintiff may allege a violation of Title VII . . . as part of a state law cause of action without converting his claim into a Title VII action or an action that depends on a substantial federal question" that would give the district court jurisdiction over the action).

Additionally, under 28 U.S.C. § 1367(c), a court has supplemental jurisdiction over state law claims that are "so related" to the claims over which the court has original jurisdiction that "they form part of the same case or controversy" under Article III. 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "share[] a 'common nucleus of operative fact'" and the claims are such that they would normally be tried together. *Bahrampour v. Lambert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. Of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). A court may decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Ninth Circuit has stated that "[w]hile discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of

one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

On its face, Ms. Bavand's complaint presents a federal question. She alleges that OneWest, MERS, NWTS, and other unnamed defendants violated the FDCPA. (Compl. ¶¶ 7.1–7.5.) She does not dispute that she makes this claim under federal law. (Mot. at 6–7) ("A single federal claim exists in the complaint alleging violations of the [FDCPA].") Therefore, the court has jurisdiction over that claim pursuant to 28 U.S.C. § 1331.

Additionally, the court has supplemental jurisdiction over Ms. Bavand's state law claims. All of her claims come from the same set of facts—Defendants' allegedly wrongful behavior in relation to the management of her loan and foreclosure on her property—and are so related that they would normally be tried together. Thus, because her state law claims are part of the same case or controversy as her FDCPA claim, the court has jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

Nevertheless, Ms. Bavand argues that the court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Mot. at 6.) She argues that her state law claims predominate over her federal claim, stating that "[t]he single federal claim itself is more an ancillary, or single element, under the Plaintiff's claims for violation of the Washington Consumer Protection Act." (*Id.* at 7–8.) She also argues that her state law claims raise novel questions of state law and that "a thorough review" of Washington case law showed that there were no cases interpreting the provisions of

RCW 61.24 upon which Ms. Bavand's claims rely. She further argues that "there is no compelling reason for this Court to accept this case when the majority of the claims are matters of state law." (*Id.* at 8.)

The court finds Ms. Bavand's arguments misplaced. As an initial matter, Ms. Bavand misinterprets 28 U.S.C. § 1367, which provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" that is part of the same case or controversy over a claim for which the court has original jurisdiction. 28 U.S.C. § 1367(a), (c). Here, Ms. Bavand seeks to remand her entire complaint, including her federal FDCPA claim, to State Court. But, 28 U.S.C. § 1367 does not permit this court to decline jurisdiction over a claim for which it has original jurisdiction simply because the § 1367(c) factors suggest remand of the related state law claims. *See Baker v. Kingsley*, 387 F.3d 649, 656–57 (7th Cir. 2004) (stating that "the authority remand pursuant to § 1367 extends only to claims that are not within the district court's original jurisdiction" and collecting cases). Therefore, even were the court to accept Ms. Bavand's arguments regarding the predominance and novelty of the state law issues and decline supplemental jurisdiction over the state law claims, Ms. Bavand's FDCPA claim would still remain before this court. This is not the result that Ms. Bavand seeks.

Further, the court disagrees with Ms. Bavand's arguments that her state law claims substantially predominate over her federal law claim and that she raises novel issues of state law. With respect to whether the state law claims substantially predominate, although Ms. Bavand is correct that her complaint consists largely of state law claims, that alone does not establish that the state law claims predominate. State law claims can

substantially predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726. Here, Ms. Bavand asserts that Defendants' actions violated the FDCPA through false and misleading actions and by threatening to non-judicially dispossess her of the Property when they did not have a right to possession. (Compl. ¶¶ 7.2, 7.3.) Similarly, Ms. Bavand alleges that Defendants wrongfully foreclosed on her property and engaged in false and deceptive conduct in violation of Washington law. (*Id.* ¶¶ 5.10, 6.2.) Thus, resolution of Ms. Bavand's state and federal claims will both depend on findings and conclusions regarding the nature of Defendants' actions and rights in relation to the Property. Because Ms. Bavand's state causes of action require consideration of similar facts and issues as her federal claim, her state law claims cannot be said to substantially predominate over her federal claim. *See Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006) ("Predomination under section 1367(c)(2) relates to the type of claim and here the state law claims essentially replicate the FLSA claims—they plainly do not predominate."); *Picard v. Bay Area Reg'l Transit Dist.*, 823 F. Supp. 1519, 1527 (N.D. Cal. 1993) (concluding that state law claims did not predominate where the same conduct formed the basis of the state and federal claims, the state and federal claims would require "virtually the same evidentiary presentations at trial," presenting the claims together at trial would not pose a risk of jury confusion, and plaintiffs' request for damages was based on the state and federal claims).

Ms. Bavand contends that a "thorough review of Washington case law reveals no cases interpreting the provisions of RCW 61.24 upon which [she] seeks relief." (Mot. at

8.)  This argument lacks merit.  Courts in this district have extensively examined the Washington Deed of Trust Act including the provisions on which Ms. Bavand's claims rely.  *See, e.g.*, *Thepvongsa v. Reg'l Tr. Servs. Corp.*, No. C10-1045 RSL, 2011 WL 307364, at *6 (W.D.Wash. Jan. 26, 2011) (examining requirements of the Washington Deed of Trust Act regarding the trustee's duties); *Moore v. Fed. Nat. Mortg. Ass'n*, No. C11-1342RSL, 2012 WL 424583, at *2 -3 (W.D.Wash. Feb. 9, 2012) (stating that the Washington Deed of Trust Act requires "proof that the beneficiary under the deed of trust is the owner of the related promissory note").  Additionally, Washington courts have set forth the purpose and interpretive principles associated with the Act.  *See, e.g.*, *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 239 P.3d 1148, 1152 (Wash. Ct. App. 2010) ("We construe the Act to further three objectives: (1) the nonjudicial foreclosure process should remain efficient and inexpensive; (2) the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure; and (3) the process should promote the stability of land titles.") (citing *Cox v. Helenius*, 693 P.2d 683, 685–86 (Wash. 1985); *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 119 P.3d 884, 886 (Wash. Ct. App. 2005) (stating that because the Washington Deed of Trust statutes "remove many protections borrowers have under a mortgage, lenders must strictly comply with the statutes, and courts must strictly construe the statutes in the borrower's favor") (citing *Koegel v. Prudential Mut. Sav. Bank*, 752 P.2d 385, 387 (Wash. Ct. App. 1988)).  Accordingly, this court does not find the requisite novelty with regards to Ms. Bavand's state law claims such that the court should decline to exercise jurisdiction.

In sum, the court concludes that it has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. It concludes that Ms. Bavand's state law claims do not substantially predominate over her federal claim and do not present novel issues of state law. Moreover, if the court were to decline to exercise supplemental jurisdiction, the result would be two concurrent actions arising from the same sets of facts—one in state court addressing the state law claims and one in this court addressing her FDCPA claim. Such a result is contrary to the concerns of efficiency, convenience, and fairness underlying supplemental jurisdiction. Therefore, the court asserts supplemental jurisdiction over the state law claims made in the complaint pursuant to 28 U.S.C. § 1367.[2]

## B. Removal Procedure

To remove a case from state to federal court, a defendant must file a notice of removal within 30 days of receiving the initial pleading or of service of the same. 28 U.S.C. § 1446(b),[3] *see also Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). When there are multiple defendants, each defendant has thirty days to remove the case to federal court. *Destfino*, 630 F.3d at 955–56 (rejecting "first-served rule" which would

---

[2] Ms. Bavand also argues that NWTS is not a nominal party in this matter. (Mot. at 5–6.) Although this argument was in context of the procedural joinder requirement for removal (*see id.*), it also brings into question the court's diversity jurisdiction. Having determined federal question jurisdiction exists over this matter, the court need not reach the issue of whether NWTS is a nominal party.

[3] 28 U.S.C. §§ 1441 and 1446 were amended on December 7, 2011. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (2011). These amendments, however, did not take effect until 30 days after December 7, 2011 and do not apply to this case. *See id.* § 105. The court refers to the applicable statutes at the time this action was initiated.

require removal within 30 days of service of the first defendant and holding that "each defendant is entitled to thirty days to exercise his removal rights after being served"). Additionally, all properly served defendants must join in the petition for removal. *Id.* at 956 (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)). Such joinder can take the form of "one defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009).

A motion to remand must be made within 30 days of the notice of removal. 28 U.S.C. § 1447(c). If plaintiff does not timely move to remand, plaintiff's procedural objections are waived and plaintiff may only challenge removal for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see also Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Untimely removal and failure to join all defendants are procedural defects in removal. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("The failure to join all proper defendants in a removal petition may otherwise render the removal petition procedurally defective."); *Maniar v. F.D.I.C.*, 979 F.2d 782, 785 ("[U]ntimely removal is a procedural rather than a jurisdictional defect.").

Ms. Bavand argues that the notice of removal was untimely because based on the times that NWTS was served, the action should have been removed by January 28, 2012, but was not removed by that date. (Mot. at 5.) She also argues that removal was defective because NWTS did not join in the removal within the 30 days permitted for removal. (*Id.*)

Here, Ms. Bavand's motion to remand is untimely. OneWest and MERS filed their notice of removal on February 14, 2012. (*See generally* Not.) Ms. Bavand filed her motion to remand on March 19, 2012—34 days after the notice of removal. (*See generally* Mot.) Ms. Bavand, therefore, filed her motion after the statutory deadline and any procedural objections to removal are waived. Ms. Bavand's arguments that this matter should be remanded for untimeliness or for failure to join NWTS fail on those grounds alone.

Ms. Bavand's procedural arguments also fail on the merits. First, although NWTS was served in December 2011, OneWest was served on February 1, 2012 and MERS was served on February 4, 2012. (Mot. at 2–3.) Therefore, OneWest and MERS' February 14, 2012 notice of removal was within the 30-day statutory time frame for removing the action. *See Destfino*, 630 F.3d at 955–56. Second, NWTS properly joined in the notice of removal. The notice states: "Co-Defendant NWTS has consented to removal of this action through its undersigned counsel." (Not. at 5.) That notice was signed by the attorney representing OneWest, MERS, and NWTS. (*Id.* at 6.) This meets the requirement that all parties consent to removal.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Bavand's motion to remand (Dkt. # 12). The court ORDERS the parties to submit a Joint Status Report no later than May 30, 2012.

Dated this 22nd day of May, 2012.

_____
The Honorable James L. Robart
U.S. District Court Judge

ORDER- 13