1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10   MARISA BAVAND,                           CASE NO. C12-0254JLR

11                  Plaintiff,                ORDER ON MOTION FOR
                                              SUMMARY JUDGMENT
12          v.

13   ONEWEST BANK FSB, et al.,

14                  Defendants.

15          Before the court is Defendants' motion for summary judgment in this residential

16   foreclosure case.  (Mot. (Dkt. # 40).)  Plaintiff Marisa Bavand brought this action against

17   Defendants OneWest Bank FSB ("OneWest"), Mortgage Electronic Registration

18   Systems, Inc. ("MERS"), and Northwest Trustee Services, Inc. ("NWTS"), alleging five

19   different causes of action in connection with a non-judicial foreclosure of her property in

20   Lynnwood, Washington.  (Compl. (Dkt. # 1-1).)  Ms. Bavand argues that the attempted

21   foreclosure was unlawful because MERS was named as beneficiary on her deed of trust

22   in violation of Washington's Deed of Trust Act, RCW chapter 61.24.  The court has

ORDER- 1

1  examined the submissions of the parties, the record, and the governing law and,

2  considering itself fully advised, the court GRANTS in part Defendants' motion for

3  summary judgment. Ms. Bavand's arguments are mostly variations of so-called "split the

4  note" and "show me the note" theories that courts have repeatedly rejected in this

5  jurisdiction and throughout the nation. The court rejects these theories as well and

6  GRANTS summary judgment to Defendants on all but one of Ms. Bavand's claims—her

7  claim under the Washington Consumer Protection Act ("WCPA"), RCW chapter 19.86.

8  Finally, the court REMANDS this case to state court to resolve Ms. Bavand's WCPA

9  claim.

10                                    **I.   BACKGROUND**

11        In September, 2011, Defendant NWTS began non-judicial foreclosure proceedings

12  against Ms. Bavand, sending her a notice of foreclosure and a notice of trustee's sale.

13  (Compl. ¶ 3.17.) Ms. Bavand had taken out a loan from non-party bank IndyMac, FSB to

14  purchase the subject property in 2007. (*Id.* ¶ 3.1.) The loan had two parts: a promissory

15  note representing the underlying debt, and a deed of trust securing that debt and allowing

16  the holder of the note to non-judicially foreclose on the property in the event of default.

17  (*Id.* ¶ 3.1-3.3.) Importantly, the deed of trust listed MERS as the beneficiary. By 2011,

18  Ms. Bavand had defaulted on the loan. (*Id.* ¶ 3.7.)

19        Although the loan originated with IndyMac, FSB, IndyMac did not hold the note

20  when Ms. Bavand defaulted. By that time, IndyMac had filed for bankruptcy and many

21  of its assets, including Ms. Bavand's debt, had been transferred first to a newly-created

22  entity called IndyMac Federal Bank, FSB, and then to an even-newer entity, Defendant

ORDER- 2

1  OneWest.  (*Id.* ¶ 3.14; Aff. Of Charles Boyle (Dkt. # 41) ¶ 4.)  OneWest held the note

2  and the deed of trust when Ms. Bavand defaulted, and OneWest appointed NWTS as

3  "successor trustee" to foreclose on the property.  (*See* Compl. ¶ 3.16.)

4        Ms. Bavand brought this action to challenge the non-judicial foreclosure.  (*See*

5  Compl.)  Ms. Bavand argues that OneWest has no right to foreclose on her property

6  because of various problems with the deed of trust, namely that it names Defendant

7  MERS as beneficiary.  (*See id.*)  Ms. Bavand argues that (1) the deed of trust is no longer

8  enforceable because it was split from the underlying note; (2) the foreclosure is wrongful

9  because OneWest has not produced original copies of the note; and (3) the presence of

10 MERS renders the deed of trust unenforceable.  (*Id.* ¶¶ 4.1-8.5.)  She argues that, because

11 OneWest attempted to enforce an unenforceable deed of trust, she has five separate

12 causes of action against Defendants:  declaratory judgment that the deed of trust is void,

13 wrongful foreclosure, violation of the Fair Debt Collection Practices Act ("FDCPA"),

14 quiet title, and violation of the WCPA.  (*Id.*)

15       All but one of Ms. Bavand's causes of action are based on the premise that the

16 deed of trust is void under variations of so-called "split the note" and "show me the note"

17 theories.  (*See, e.g.*, Compl. ¶¶ 3.3-3.4, 3.6, 3.9.)  Her declaratory judgment claim asks

18 the court to declare the deed of trust void because MERS is the beneficiary but never held

19 the underlying note, causing an irreconcilable split.  (*Id.* ¶¶ 4.1-4.8.)  Her wrongful

20 foreclosure claim is based on the same reasoning.  (*Id.* ¶¶ 5.1-5.10.)  Her FDCPA claim is

21 based on the argument that debt collection was unlawful because the deed of trust is void

22 so NWTS had no right to collect on the underlying debt.  (*Id.* ¶¶ 7.1-7.4.)  And finally,

1   her quiet title claim is premised entirely on the deed of trust being void. (*Id.* ¶¶ 8.1-8.5.)

2   The only claim not based entirely on the deed of trust being void is Ms. Bavand's WCPA

3   claim, which is based on Defendants "promulgating false and improperly executed

4   documents"—that is, naming MERS as beneficiary on the deed of trust when in fact

5   MERS could not lawfully be the beneficiary, and purporting to execute documents using

6   false or misleading signatures. (*Id.* ¶¶ 3.1, 3.5, 3.12-3.13,6.1-6.8.)

7            With this as background, Defendants move for summary judgment on all of Ms.

8   Bavand's claims.

9                                       **II.   ANALYSIS**

10   **A.     Summary Judgment Standard**

11            Summary judgment is appropriate if the evidence, when viewed in the light most

12   favorable to the non-moving party, demonstrates "that there is no genuine dispute as to

13   any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

14   P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*,

15   477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing

16   there is no genuine issue of material fact and that he or she is entitled to prevail as a

17   matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, the

18   non-moving party "must make a showing sufficient to establish a genuine dispute of

19   material fact regarding the existence of the essential elements of his case that he must

20   prove at trial." *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw

21   reasonable inferences in the light most favorable to the [non-moving] party." *Scott v.*

22   *Harris*, 550 U.S. 372, 378 (2007).

ORDER- 4

1    **B.    Ms. Bavand's theories of recovery**

2          Three theories lie at the heart of Ms. Bavand's Complaint, all of which the court

3    rejects.  The court examines each of these theories in turn rather than addressing every

4    cause of action.  First is the "split the note" theory—the argument that if ownership of a

5    deed of trust is split from ownership of the underlying promissory note, one or both of

6    those documents becomes unenforceable and no party can foreclose.  *See, e.g., Cervantes*

7    *v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044-45 (9th Cir. 2011).  In *Cervantes*,

8    the Ninth Circuit explained that this theory has no sound basis in law or logic and should

9    be rejected.  *Id.*  The Ninth Circuit explained that splitting a note from a deed of trust is

10   not problematic as long as, at the time of foreclosure, the party attempting to foreclose

11   holds the note or is acting on behalf of the note-holder.  *Id.*  In other words, a split does

12   not render the note and/or the deed permanently unenforceable.  *See id.*  The "split the

13   note" theory has been rejected not only by the Ninth Circuit, but by the Washington

14   Supreme Court too.  *See Bain v. Metropolitan Mortg. Grp., Inc.*, 285 P.3d 34, 48 (Wash.

15   2012) ("If, for example, MERS is in fact an agent for the holder of the note, likely no

16   split would have happened.").  Accordingly, the court rejects this theory.

17          Second is the "show me the note" theory—the argument that a party must produce

18   the original signed promissory note before it can lawfully foreclose.  This theory has been

19   roundly rejected by federal courts in this district.  *Petree v. Chase Bank*, No. 12-CV-

20   5548-RBL, 2012 WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012) ("Courts of this district

21   routinely reject these claims.") (collecting cases).  Moreover, the issue seems to be

22   conclusively settled by statute in Washington:  RCW 61.24.030(7)(a) specifically says

1  that the only proof of beneficial ownership required prior to foreclosure is "A declaration

2  by the beneficiary made under the penalty of perjury stating that the beneficiary is the

3  actual holder of the promissory note." Thus, as courts in this district have universally

4  held, there is no requirement that the foreclosing party show the borrower the original

5  note. *See Petree*, 2012 WL 6061219, at \*2. Ms. Bavand provides the court with no

6  authority, argument, or evidence that compels straying from this well-trodden path, so the

7  court rejects her "show me the note" arguments in all their formulations.

8      Last is the theory that a deed of trust automatically becomes void and

9  unenforceable simply because it names MERS as beneficiary. This theory is a derivative

10  of the "split the note" theory, but also relies on the holding in *Bain* that MERS is not an

11  eligible beneficiary under the Deed of Trust Act. *See Bain*, 285 P.3d at 47. It is true that

12  *Bain* holds that MERS is not a lawful beneficiary under Washington law. *Id.* But *Bain*

13  also holds that a deed of trust naming MERS as beneficiary is not automatically void and

14  unenforceable. *Id.* at 48. In particular, the deed of trust can be enforced if the

15  beneficiary of the deed of trust is an agent of the note-holder. *Id.* There is no merit to

16  this argument, so the court rejects this final theory as well.

17      These three theories are all that support four of Ms. Bavand's claims; that is,

18  without them, there is nothing in the Complaint suggesting that OneWest's attempt to

19  non-judicially foreclose was wrongful or unlawful. As a result, nearly all of Ms.

20  Bavand's causes of action fail, and the court GRANTS summary judgment to Defendants

21

22

ORDER- 6

1  on her claims for declaratory judgment, wrongful foreclosure,[1] violation of the fair debt

2  collection practices act, and quiet title.  All of these causes of action are directly premised

3  on the three theories rejected above and cannot survive without them.

4  **C.    Remand to State Court**

5          Ms. Bavand's WCPA claim is different.  It is not based solely on any of the above

6  theories.[2]  Ms. Bavand alleges that Defendants violated the WCPA by "promulgating

7  false and improperly executed documents" in two different ways:  (1) by naming MERS

8  as a beneficiary on the deed of trust when in fact MERS could not lawfully be a

9  beneficiary; and (2) by executing documents using false or misleading signatures.  (*Id.*

10 ¶¶ 3.1, 3.5, 3.12-3.13, 6.1-6.8.)  The Washington State Supreme Court has held that both

11 of these actions (under the right facts) can form the basis of a WCPA claim, and Ms.

12 Bavand has presented enough evidence to raise a genuine issue of material fact regarding

13 the elements of this claim.  *See Bain*, 285 P.3d at 49-52; *Klem v. Wash. Mut. Bank*, ---

14 P.3d ----, 2013 WL 791816 (Wash. 2013).  As such, the court DENIES summary

15 judgment with respect to the WPCA claim.

16         However, because this is the only cause of action remaining and all possible

17 federal interests in the case have vanished, the court concludes that this case would be

18         _____

19         [1] Ms. Bavand also alleges wrongful foreclosure based on violations of certain provisions
   of the Deed of Trust Act.  However, no foreclosure actually occurred in this case and there is no
20 cause of action in Washington for wrongful institution of foreclosure proceedings based on
   statutory Deed of Trust Act violations.  *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F.
21 Supp. 2d 1115, 1122-24 (W.D. Wash. 2010).

22         [2] To the extent Ms. Bavand's WCPA claim is based on the "show me the note" and "split
   the note" theories, the court dismisses it for the reasons explained above.

ORDER- 7

1 | better resolved in state court and REMANDS the case to Snohomish County Superior

2 | Court. A district court has discretion to remand a removed case to state court after all

3 | federal claims have gone away. 28 U.S.C. 1447(c); *Harrell v. 20th Century Ins. Co.*, 934

4 | F.2d 203, 205 (9th Cir. 1991). A district court's decision to remand is dependent on what

5 | will best accommodate the values of economy, convenience, fairness, and comity.

6 | *Harrell*, 934 F.2d at 205 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351

7 | (1991)). Here, the court concludes that these values would be best served by remand.

8 | There is no federal interest remaining in this case. All that is left is a single claim under

9 | state law that must be interpreted in accordance with State Supreme Court precedent. In

10 | addition, Ms. Bavand does not allege diversity jurisdiction: the damages she pleads

11 | under the WCPA (primarily "the distraction and loss of time to pursue business and

12 | personal activities due to the necessity of addressing the wrongful conduct through this

13 | and other actions"), even when viewed in the light most favorable to Ms. Bavand, would

14 | not amount to more than $75,000.00. (*See* Compl. ¶ 6.8.) The court can perceive no

15 | reason for retaining jurisdiction over this action involving Washington law applied to a

16 | subject matter that is fundamentally local: land. For these reasons, the court REMANDS

17 | this case to Snohomish County Superior Court.

18 | //

19 | //

20 | //

21 | //

22 | //

ORDER- 8

1

### III.   CONCLUSION

2          For the foregoing reasons, the court GRANTS Defendants' motion for summary

3    judgment (Dkt. # 40) with respect to all claims except Ms. Bavand's WCPA claim and

4    REMANDS the case to Snohomish County Superior Court to resolve the WCPA claim.

5    The court DENIES all other pending motions as moot (Dkt. ## 44, 53).

6          Dated this 25ᵗʰ day of March, 2013.

7

8

9                                              JAMES L. ROBART
                                               United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 9